IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH, and ADAMAS PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., WOCKHARDT USA LLC, WOCKHARDT BIO AG, WOCKHARDT LTD., SUN PHARMA GLOBAL FZE, and SUN PHARMACEUTICAL INDUSTRIES, LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. _____ |

## COMPLAINT

Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, Merz Pharmaceuticals GmbH, and Adamas Pharmaceuticals, Inc. (collectively, "Plaintiffs"), for their Complaint against Defendants Teva Pharmaceuticals USA, Inc., Wockhardt USA LLC, Wockhardt Bio AG, Wockhardt Ltd., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Ltd. (collectively, "Defendants"), hereby allege as follows:

## PARTIES

1. Plaintiff Forest Laboratories, Inc. is a Delaware corporation having a principal place of business at 909 Third Avenue, New York, New York 10022.

2. Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Columbia House, 1 Victoria Street, Hamilton HM11, Bermuda (referred to herein, together with Forest Laboratories, Inc., as "Forest").

3. Plaintiff Merz Pharma GmbH & Co. KGaA is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

4. Plaintiff Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany (referred to herein, together with Merz Pharma GmbH & Co. KGaA, as "Merz").

5. Plaintiff Adamas Pharmaceuticals, Inc. ("Adamas") is a Delaware corporation having a principal place of business at 2200 Powell Street, Suite 220, Emeryville, California 94608.

6. Upon information and belief, Defendant Teva Pharmaceuticals USA, Inc. ("Teva") is a Delaware corporation having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454. Upon information and belief, Defendant Teva manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

7. Upon information and belief, Defendant Wockhardt USA LLC is a Delaware limited liability company having a principal place of business at 20 Waterview Boulevard, Third Floor, Parsippany, New Jersey 07054. Upon information and belief, Defendant Wockhardt USA LLC is a subsidiary of Wockhardt Bio AG, which is a wholly owned subsidiary of Wockhardt Ltd. Upon information and belief, Wockhardt USA LLC manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as an agent of Wockhardt Bio AG and/or Wockhardt Ltd.

8. Upon information and belief, Defendant Wockhardt Bio AG is a Swiss company having a principal place of business at Baarestrasse 43, 6300 Zug, Switzerland. Upon

information and belief, Defendant Wockhardt Bio AG is a wholly owned subsidiary of Wockhardt Ltd., and manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its subsidiary and agent, Wockhardt USA LLC.

9. Upon information and belief, Defendant Wockhardt Ltd. is an Indian company having a principal place of business at Wockhardt Towers, Bandra-Kurla Complex, Bandra (East), Mumbai, Maharashtra, 400 051, India. Upon information and belief, Defendant Wockhardt Ltd. (referred to herein, together with Wockhardt USA LLC and Wockhardt Bio AG, as "Wockhardt") manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its subsidiary and agent Wockhardt USA LLC.

10. Upon information and belief, Defendant Sun Pharma Global FZE is a United Arab Emirates corporation having a principal place of business at Office #43, Block Y, SAIF Zone, P.O. Box 122304, Sharjah, United Arab Emirates. Upon information and belief, Defendant Sun Pharma Global FZE manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

11. Upon information and belief, Defendant Sun Pharmaceutical Industries, Ltd. (referred to herein, together with Sun Pharma Global FZE, as "Sun") is an Indian corporation having a principal place of business at Acme Plaza, Andheri Kurla Rd., Andheri East, Mumbai 400 059, India. Upon information and belief, Sun Pharmaceutical Industries, Ltd. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

## NATURE OF THE ACTION

12. This is a civil action for the infringement of one or more of the following patents by each of the Defendants: United States Patent Nos. 5,061,703, as corrected and reexamined ("the '703 patent"); 8,039,009 ("the '009 patent"); 8,168,209, as corrected ("the '209 patent"); 8,173,708 ("the '708 patent"); 8,283,379 ("the '379 patent"); 8,329,752 ("the '752 patent"); 8,362,085 ("the '085 patent"); and 8,598,233 ("the '233 patent"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, each Defendant has committed, or aided, abetted, induced, contributed to, and/or participated in the commission of, a tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs in Delaware. This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such personal jurisdiction is challenged.

15. This Court has personal jurisdiction over Defendant Teva Pharmaceuticals USA, Inc. by virtue of, *inter alia*, the fact that Teva Pharmaceuticals USA, Inc. is a Delaware corporation.

16. This Court has personal jurisdiction over Defendant Wockhardt USA LLC by virtue of, *inter alia*, the fact that Wockhardt USA LLC is a Delaware corporation.

17. This Court has personal jurisdiction over Defendant Wockhardt Bio AG by virtue of, *inter alia*: (1) its presence in Delaware, including through its agent Defendant Wockhardt

USA LLC; and (2) its systematic and continuous contacts with Delaware, including through its agent Wockhardt USA LLC. On information and belief, Wockhardt Bio AG is amenable to litigating in this forum based on Wockhardt Bio AG's conduct in at least one recent litigation in this District, Civil Action No. 13-1387 (D.I. 9), in which Wockhardt Bio AG did not contest jurisdiction.

18. This Court has personal jurisdiction over Defendant Wockhardt Ltd. by virtue of, *inter alia*: (1) its presence in Delaware, including through its subsidiary Wockhardt USA LLC; and (2) its systematic and continuous contacts with Delaware, including through its subsidiaries and agents Wockhardt Bio AG and Wockhardt USA LLC. On information and belief, Wockhardt Ltd. is amenable to litigating in this forum based on Wockhardt Ltd.'s conduct in multiple prior litigations in this District. In particular, Wockhardt Ltd. did not contest jurisdiction in Civil Action No. 12-1125 (D.I. 6) or Civil Action No. 09-312 (D.I. 11).

19. This Court has personal jurisdiction over Defendant Sun Pharma Global FZE by virtue of, *inter alia*, its systematic and continuous contacts with Delaware. On information and belief, Sun Pharma Global FZE is amenable to litigating in this forum based on Sun Pharma Global FZE's conduct in multiple prior litigations in this District. In particular, Sun Pharma Global FZE did not contest jurisdiction in Civil Action No. 13-1218 (D.I. 10), Civil Action No. 10-1085 (D.I. 16), Civil Action No. 10-112 (D.I. 76), or Civil Action No. 09-630 (D.I. 9).

20. This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries, Ltd. by virtue of, *inter alia* its systematic and continuous contacts with Delaware. On information and belief, Sun Pharmaceutical Industries, Ltd. is amenable to litigating in this forum based on Sun Pharmaceutical Industries, Ltd.'s conduct in multiple prior litigations in this

District. In particular, Sun Pharmaceutical Industries, Ltd. did not contest jurisdiction in Civil Action No. 10-112 (D.I. 76) or Civil Action No. 09-630 (D.I. 9).

21. Venue is proper in this judicial district as to all Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS**

22. On October 29, 1991, the '703 patent, titled "Adamantane Derivatives In The Prevention And Treatment Of Cerebral Ischemia," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The USPTO issued a certificate of correction for the '703 patent on June 5, 2007. Merz + Co. GmbH & Co. was the original assignee of the '703 patent and assigned the '703 patent to Merz Pharma GmbH & Co. KGaA in 2002. Since that time, Merz Pharma GmbH & Co. KGaA has been, and continues to be, the sole owner of the '703 patent. Forest is the exclusive licensee of the '703 patent in the United States. A copy of the '703 patent, including its certificate of correction, is attached hereto as Exhibit A.

23. On August 18, 2004, Merz submitted a request to the USPTO for reexamination of the '703 patent. The USPTO issued a reexamination certificate for the '703 patent on November 7, 2006. A copy of the reexamination certificate for the '703 patent is attached hereto as Exhibit B.

24. On October 18, 2011, the '009 patent, titled "Modified Release Formulations Of Memantine Oral Dosage Forms," was duly and legally issued by the USPTO. Since the issuance of the '009 patent, Forest Laboratories Holdings, Ltd. has been, and continues to be, the '009 patent's sole owner. A copy of the '009 patent is attached hereto as Exhibit C.

25. On May 1, 2012, the '209 patent, titled "Method And Composition For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by

the USPTO. The USPTO issued a certificate of correction for the '209 patent on June 26, 2012. Since the issuance of the '209 patent, Adamas has been, and continues to be, the '209 patent's sole owner. Forest is the exclusive licensee of the '209 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '209 patent, including its certificate of correction, is attached hereto as Exhibit D.

26. On May 8, 2012, the '708 patent, titled "Method And Composition For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO. Since the issuance of the '708 patent, Adamas has been, and continues to be, the '708 patent's sole owner. Forest is the exclusive licensee of the '708 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '708 patent is attached hereto as Exhibit E.

27. On October 9, 2012, the '379 patent, titled "Method And Compositions For The Treatment Of CNS-Related Conditions," was duly and legally issued by the USPTO. Since the issuance of the '379 patent, Adamas has been, and continues to be, the '379 patent's sole owner. Forest is the exclusive licensee of the '379 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '379 patent is attached hereto as Exhibit F.

28. On December 11, 2012, the '752 patent, titled "Composition For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO. Since the issuance of the '752 patent, Adamas has been, and continues to be, the '752 patent's sole owner. Forest is the exclusive licensee of the '752 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '752 patent is attached hereto as Exhibit G.

29. On January 29, 2013, the '085 patent, titled "Method For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO. Since the issuance of the '085 patent, Adamas has been, and continues to be, the '085 patent's sole owner. Forest is the exclusive licensee of the '085 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '085 patent is attached hereto as Exhibit H.

30. On December 3, 2013, the '233 patent, titled "Method For Administering An NMDA Receptor Antagonist To A Subject," was duly and legally issued by the USPTO. Since the issuance of the '233 patent, Adamas has been, and continues to be, the '233 patent's sole owner. Forest is the exclusive licensee of the '233 patent with respect to commercializing pharmaceutical products containing memantine in the United States. A copy of the '233 patent is attached hereto as Exhibit I.

31. Forest Laboratories, Inc. holds New Drug Application ("NDA") 22-525 for Namenda XR® brand memantine hydrochloride extended release capsules. The '703 patent, the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are all listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Namenda XR®.

32. Forest is the exclusive distributor of Namenda XR® in the United States.

## ACTS GIVING RISE TO THIS ACTION

### Count I – Patent Infringement By Teva

33. Upon information and belief, on or before December 20, 2013, Teva submitted ANDA No. 205808 to the United States Food and Drug Administration ("FDA") under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA No. 205808 seeks FDA

approval for the commercial manufacture, use, and sale of generic extended release capsule products containing 7, 14, 21, and 28 milligrams of memantine hydrochloride as the active ingredient ("the Teva Generic Products"). ANDA No. 205808 specifically seeks FDA approval to market the Teva Generic Products prior to the expiration of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent.

34. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 205808 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Teva Generic Products. Forest and Adamas received written notification of ANDA No. 205808 and its § 505(j)(2)(A)(vii)(IV) allegations on or about December 21, 2013.

35. Teva's submission of ANDA No. 205808 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Teva commercially manufactures, uses, offers for sale, or sells, or imports into the United States, the Teva Generic Products, or induces or contributes to any such conduct, it would further infringe the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and/or the '085 patent under 35 U.S.C. § 271(a), (b), and/or (c). For purposes of clarity, Forest and Adamas state that they are not asserting claims 6-15 of the '379 patent against the Teva Generic Products or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.

36. Teva was aware of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 205808, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

37. Teva's actions render this an exceptional case under 35 U.S.C. § 285.

38. Forest and Adamas will be irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court. Forest and Adamas do not have an adequate remedy at law.

## Count II – Patent Infringement By Wockhardt

39. Upon information and belief, on or before December 17, 2013, Wockhardt submitted ANDA No. 205940 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA No. 205940 seeks FDA approval for the commercial manufacture, use, and sale of generic extended release capsule products containing 7, 14, 21, and 28 milligrams of memantine hydrochloride as the active ingredient ("the Wockhardt Generic Products"). ANDA No. 205940 specifically seeks FDA approval to market the Wockhardt Generic Products prior to the expiration of the '703 patent, the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent.

40. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 205940 alleges that the claims of the '703 patent, the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Wockhardt Generic Products. Forest and Adamas received written notification of ANDA No. 205940 and its § 505(j)(2)(A)(vii)(IV) allegations with respect to the '703 patent, the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent on or about December

18, 2013. Forest and Adamas received written notification of Wockhardt's § 505(j)(2)(A)(vii)(IV) allegation with respect to the '233 patent on or about December 20, 2013.

41. Wockhardt's submission of ANDA No. 205940 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Wockhardt commercially manufactures, uses, offers for sale, or sells, or imports into the United States, the Wockhardt Generic Products, or induces or contributes to any such conduct, it would further infringe the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent under 35 U.S.C. § 271(a), (b), and/or (c). For purposes of clarity, Forest and Adamas state that they are not asserting claims 6-15 of the '379 patent against the Wockhardt Generic Products or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient. Relying on the representations set out in Wockhardt's notice of Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95, Forest does not allege at this time that the Wockhardt Generic Products infringe the '009 patent. To the extent that discovery in this action demonstrates that assertion of the '009 patent against the Wockhardt Generic Products is warranted, Plaintiffs reserve the right to assert it.

42. Upon information and belief, each of Wockhardt Bio AG, Wockhardt Ltd., and Wockhardt USA LLC has participated in, contributed to, aided, abetted, and/or induced infringement of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752

patent, the '085 patent, and/or the '233 patent once the Wockhardt Generic Products are manufactured, used, offered for sale, or sold in the United States, or imported into the United States. Each of Wockhardt Bio AG, Wockhardt Ltd., and Wockhardt USA LLC is jointly and severally liable for the infringement of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent.

43. Wockhardt was aware of '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 205940, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

44. Wockhardt's actions render this an exceptional case under 35 U.S.C. § 285.

45. Plaintiffs will be irreparably harmed by Wockhardt's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

### Count III – Patent Infringement By Sun

46. Upon information and belief, on or before December 20, 2013, Sun submitted ANDA No. 205905 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA No. 205905 seeks FDA approval for the commercial manufacture, use, and sale of generic extended release capsule products containing 7, 14, 21, and 28 milligrams of memantine hydrochloride as the active ingredient ("the Sun Generic Products"). ANDA No. 205905 specifically seeks FDA approval to market the Sun Generic Products prior to the expiration of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent.

47. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 205905 alleges that the claims of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent are invalid, unenforceable, and/or

will not be infringed by the manufacture, use, or sale of the Sun Generic Products. Forest and Adamas received written notification of ANDA No. 205905 and its § 505(j)(2)(A)(vii)(IV) allegations on or about December 21, 2013.

48. Sun's submission of ANDA No. 205905 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Sun commercially manufactures, uses, offers for sale, or sells, or imports into the United States, the Sun Generic Products, or induces or contributes to any such conduct, it would further infringe the '009 patent, '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent under 35 U.S.C. § 271(a), (b), and/or (c). For purposes of clarity, Forest and Adamas state that they are not asserting claims 6-15 of the '379 patent against the Sun Generic Products or any other generic extended release memantine hydrochloride product that contains memantine hydrochloride as the sole active ingredient.

49. Upon information and belief, each of Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd. has participated in, contributed to, aided, abetted, and/or induced infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent once the Sun Generic Products are manufactured, used, offered for sale, or sold in the United States, or imported into the United States. Each of Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd. is jointly and severally liable

for any infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and/or the '233 patent.

50. Sun was aware of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent prior to filing ANDA No. 205905, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents.

51. Sun's actions render this an exceptional case under 35 U.S.C. § 285.

52. Forest and Adamas will be irreparably harmed by Sun's infringing activities unless those activities are enjoined by this Court. Forest and Adamas do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That Defendant Teva has infringed the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent;

B. That Defendant Wockhardt has infringed the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent;

C. That Defendant Sun has infringed the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent;

D. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Teva's ANDA identified in this Complaint shall not be earlier than the expiration date of the last to expire of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, and the '085 patent, including any extensions or exclusivities;

E. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Wockhardt's ANDA identified in this Complaint shall not be earlier than the

expiration date of the last to expire of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent, including any extensions or exclusivities;

F. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendant Sun's ANDA identified in this Complaint shall not be earlier than the expiration date of the last to expire of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, and the '233 patent, including any extensions or exclusivities;

G. That Defendant Teva, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Teva Generic Products, and any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, or the '085 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

H. That Forest and Adamas be awarded monetary relief if Defendant Teva commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Teva Generic Products, or any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, or the '085 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Forest and Adamas with prejudgment interest;

I. That Defendant Wockhardt, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and

permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Wockhardt Generic Products, and any other product that infringes or induces or contributes to the infringement of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

J.  That Plaintiffs be awarded monetary relief if Defendant Wockhardt commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Wockhardt Generic Products, or any other product that infringes or induces or contributes to the infringement of the '703 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

K.  That Defendant Sun, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Sun Generic Products, and any other product that infringes or induces or contributes to the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

L.  That Forest and Adamas be awarded monetary relief if Defendant Sun commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Sun Generic Products, or any other product that infringes or induces or contributes to

the infringement of the '009 patent, the '209 patent, the '708 patent, the '379 patent, the '752 patent, the '085 patent, or the '233 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Forest and Adamas with prejudgment interest;

M. That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action under 35 U.S.C. § 285; and

N. That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Peter J. Armenio, P.C.
F. Dominic Cerrito
Anne S. Toker
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010
(212) 849-7000

January 31, 2014